IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDY S. PETERSON, | ) | 8:14CV171 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEWIEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment (Filing No. 10). Respondent argues Petitioner Randy Peterson's Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). For the reasons discussed below, the court agrees that Peterson's habeas corpus petition is barred by the statute of limitations.

## I. BACKGROUND

### A.   Conviction

On July 6, 2011, a jury in the Madison County District Court ("state district court") found Peterson guilty of possession of a firearm by a felon or prohibited person. Thereafter, the state district court sentenced Peterson to an indeterminate term of not less than three nor more than five years' imprisonment. (Filing No. 9-2 at CM/ECF pp. 85-87.) No direct appeal followed.

### B.   Postconviction Motion and Appeal

On December 30, 2011, Peterson filed a motion for postconviction relief in the state district court. (*Id.* at CM/ECF p. 97.) The state district court denied postconviction relief on August 28, 2012. (*Id.* at CM/ECF p. 120.) Peterson appealed.

The Nebraska Court of Appeals affirmed the state district court's judgment on February 8, 2013. The Nebraska Supreme Court denied Peterson's petition for further review on April 10, 2013, and issued a mandate on April 24, 2013. (Filing No. 9-1 at CM/ECF p. 2.)

C.  Petition

Peterson filed his habeas corpus petition in this court on June 6, 2014. (Filing No. 1.) Thereafter, Respondent moved for summary judgment (Filing No. 10), arguing the petition is barred by the relevant statute of limitations. Peterson filed two briefs (Filing Nos. 13 and 16) in opposition to Respondent's motion.

## II.  ANALYSIS

A.  Date on Which Judgment Became Final

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

Here, it is undisputed that Peterson's judgment became final on September 22, 2011, the date on which Peterson's time for pursuing direct review of the state district court's judgment and sentence expired. See *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires.").

B.  **Statutory Tolling**

"The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (2012) (citing 28 U.S.C. § 2244(d)(2)). A post-conviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

Peterson filed his motion for postconviction relief on December 30, 2011, 99 days after his judgment became final. These 99 days count toward the one-year limitations period. The statute of limitations clocked stopped on December 30, 2011. It began to run again on April 24, 2013, the date on which the Nebraska Supreme Court issued its mandate concluding the postconviction proceedings. The clock continued to run until June 6, 2014, when Peterson filed his habeas corpus petition in this case. Thus, an additional 360 days count toward the one-year limitations period. In total, more than 500 days count toward the one-year limitations period.

Peterson argues the time during which his request for commutation was pending before Nebraska's Board of Pardons is also subject to statutory tolling. (*See* Filing No. 13.) However, Peterson's request for commutation did not toll the one-year period because such a request is not a vehicle for collateral review of the legality of the judgment of conviction. *See State v. Castaneda*, 842 N.W.2d 740, 758 ("[I]n Nebraska, executive clemency is a free gift from the supreme authority to be bestowed according to his own discretion. The Board of Pardons thus has the unfettered discretion to grant or deny a commutation for any reason or for no reason at all.") (internal quotation marks omitted). Regardless, even if the court considered this

period tolled—from October 4, 2012, to June 11, 2013 (*see* Filing No. 1 at CM/ECF p. 3)—more than 450 days would still count toward the one-year limitations period.[1]

For the foregoing reasons, the court finds that Peterson's petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

**C.    Equitable Tolling and Actual Innocence**

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Peterson does not argue that he is entitled to equitable tolling of the limitations period or that he is actually innocent. As such, Peterson has not presented the court with any reason to warrant the application of equitable tolling to the limitations period. In addition, Peterson has not presented the court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception.

---

[1] Peterson argues his habeas corpus petition was timely filed in this court because the Board of Pardons denied his request for commutation on June 11, 2013, and he filed his habeas corpus petition 360 days later, on June 6, 2014. (Filing No. 13 at CM/ECF p. 1.) Peterson's argument discounts the 99 days that passed between the date his judgment became final and the date on which he filed his postconviction motion in the state district court.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, Peterson has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 10) is granted. Peterson's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

3. The court will not issue a certificate of appealability in this matter.

DATED this 5th day of January, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.