IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDY S. PETERSON, | ) | 8:14CV171 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEWIEN, Wardon, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner Randy Peterson's Motion for Reconsideration. (Filing No. 19.) The court will consider the motion under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure.

    On January 5, 2015, the court dismissed Peterson's Petition for Writ of Habeas Corpus because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). (*See* Filing No. 17.) The court noted in its order of dismissal that Peterson had not presented the court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. (*Id.* at CM/ECF p. 4.) Specifically, Peterson had not argued that he is actually innocent. (*Id.*)

    Peterson filed the motion at issue here on January 20, 2015. Peterson "objects to this court[']s conclusion that he is procedurally barred in the instant habeas corpus motion for not arguing actual innocence." (Filing No. 19 at CM/ECF p. 1.) Petitioner sets forth that he "has been claiming he is innocent since his arrest, but noone [sic] is listening." (*Id.*) Petitioner then reargues the merits of his habeas corpus petition. He also argues that he is innocent of the crime of possession of a firearm because he did not *intend* to possess a firearm. Rather, he took the gun away from someone threatening him with it.[1]

---

    [1]As set forth in the court's order dismissing this case, a jury in the Madison County District Court found Peterson guilty of possession of a firearm by a felon or

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal quotation marks omitted). A Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Under Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment [or] order," for any "reason that justifies relief." Fed.R.Civ.P. 60(b)(6).

Peterson's motion merely reargues the merits of his habeas corpus petition. However, the court cannot address the merits of his habeas corpus petition because he did not timely file the petition in this court.

To the extent Peterson argues the court should excuse him from the procedural bar of the statute of limitations because he is actually innocent, his argument fails. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held that a habeas corpus petitioner can overcome the expiration of the statute of limitations by making a convincing showing of actual innocence. *See McQuiggin*, 133 S. Ct. 1928. The Court held that a petitioner attempting to show actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence means factual innocence, not legal innocence or legal insufficiency. *Narcisse v Dahm*, 9 F.3d 38, 40 (8th Cir. 1993). Here, Peterson has not produced evidence in support of a claim that he is actually innocent. For these reasons, the court finds Peterson has not made a convincing showing of actual innocence.

---

prohibited person. (Filing No. 9-2 at CM/ECF pp. 85-87.)


IT IS THEREFORE ORDERED that: Peterson's Motion for Reconsideration (Filing No. 19) is denied.

DATED this 16th day of March, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.